

David M. Banker
Counsel
Tel  212 204 8692
Fax  973 422 6863
dbanker@lowenstein.com

July 16, 2008

**VIA HAND DELIVERY**
**VIA ELECTRONIC CASE FILING**

Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
Room 504
New York, NY 10004

Re:   Pace Product Solutions, Inc.
      Case No. 08-12666(MG)

Dear Judge Glenn:

We represent Summa Capital Corp. ("Summa"), a secured creditor in the above-referenced Chapter 11 bankruptcy case that was filed on July 10, 2008.

In furtherance of our conversation yesterday with your Courtroom Deputy, Deanna Tetzlaff, we hereby submit this letter request seeking the entry of the enclosed proposed Order (a) Pursuant to Fed. R. Bankr. P. 9006(C)(1) Shortening Time for Hearing on Motion of Summa Capital Corp. for Entry of an Order Granting Relief from the Automatic Stay and for Related Relief and (b) Authorizing Emergency Relief, which is being electronically filed through the electronic case filing system simultaneously herewith (the "Motion").

A copy of the Motion, the Declaration of Howard A. Schulder in support of the Motion (the "Schulder Declaration"), and a proposed order granting the Motion are also enclosed.  The attached proposed Orders are also enclosed on disc in MS Word format.  Summa incorporates by reference the facts set forth in the Motion, as verified by the Schulder Declaration.

As more fully set forth in the Motion, Summa is owed not less than $1,697,183.91 and holds a first priority lien and security interest in substantially all of the Debtor's assets, including, but not limited to cash, accounts receivable, inventory, equipment and general intangibles (the "Collateral").

Honorable Martin Glenn            July 16, 2008
Page 2

The emergent need for a hearing on the Motion is due to the irreparable harm and prejudice that Summa will suffer as a result of any delay in granting Summa relief from the stay to enforce its first priority security interest in the Collateral and requiring the Debtor to stop using and preserve the Collateral. The Debtor's bankruptcy filing was on the heels of Summa's pending replevin action for recovery of the Collateral and a contempt motion filed in the New York Supreme Court in light of the Debtor's violation of a temporary restraining order that prevented the Debtor from selling inventory Collateral and disposing of the receivables Collateral.

By letter dated July 11, 2008, the undersigned counsel notified the Debtor's counsel that Summa opposes the Debtor's use of Summa's cash collateral. The undersigned counsel also left a phone message with the Debtor's counsel in furtherance of the above letter, which was never returned. The Debtor is in violation of Section 363(c)(2) of the Bankruptcy Code by not having sought, nor received, authority from this Court to use Summa's cash collateral. The Debtor is, therefore, barred from using Summa's cash collateral pursuant to Section 363, unless this Court directs otherwise. The Debtor's continued use of Summa's cash collateral will dissipate and render uncollectible additional accounts receivable and the remaining inventory Collateral. The Debtor should therefore be prohibited from any further use of Summa's cash collateral without further Order of this Court.

As set forth in greater detail in the Motion, Summa is concerned that in blatant violation of the State Court Orders, the Bankruptcy Code, and general principals of equity, the Debtor and its principal, Boaz Bagbag, continue to bleed the Debtor dry by converting the Collateral without any benefit to the estate or Summa in a systematic effort to deplete the estate and the Collateral through transfers of the Debtor's assets/the Collateral to a separate and recently formed non-debtor entity known as Worldwide Flash Auto Parts, Inc. ("Worldwide") and possibly other non-debtor third-parties controlled by Bagbag. First, as more fully demonstrated in the Motion, Summa has learned that the Debtor has demanded and physically threatened its customers to pay Worldwide, instead of the Debtor, for purchases of inventory that are part of the Collateral. Second, the Debtor has sold the Collateral under Worldwide's name, with none of the proceeds going to the Debtor. In both instances, the Debtor purposefully reduced the available inventory and diverted receivables to non-debtor third-parties. As a result of this misconduct, neither the Debtor nor Bagbag can be trusted to faithfully execute the fiduciary duties which the Bankruptcy Code imposes upon debtors in possession. Thus, the relief requested in the Motion is critical to protecting the Collateral.

If the Motion were to be served and heard in accordance with S.D.N.Y. L.B.R. 9006-1 (on no less than 10 days notice), the value of the Collateral, especially the receivables and inventory, will be significantly diminished. Summa therefore seeks to shorten the time for a hearing on the Motion so that the Court can hear the Motion as soon as possible. Reduction of the time period requested herein is not prohibited under Bankruptcy Rule 9006(c)(1) and the rules listed therein.

Honorable Martin Glenn            July 16, 2008
Page 3

The attached proposed Order to shorten notice also authorizes emergency relief in Paragraphs 7-9 in light of above violations to maintain the status quo pending the hearing on the Motion, including (a) affirming Sections 363(c)(2) and (4) by prohibiting the Debtor from transferring, or otherwise disposing of Summa's cash collateral without further Order of this Court, as well as requiring that the Debtor segregate said collateral pending further order of the Court; (b) granting Summa immediate access to inspect the Collateral and to review all books and records related thereto; and (c) requiring the Debtor, by an officer with personal knowledge, to appear for examination by oral deposition. In light of the above violations by the Debtor, Summa seeks such emergency relief to maintain the status quo until the Motion is heard.

Summa has provided this letter to the Debtor's counsel via the electronic case filing system; and to the United States Trustee for the Southern District of New York via facsimile.

We therefore respectfully requests that Your Honor enter an Order, substantially in the form submitted herewith, shortening the length of notice of the hearing on the Motion, granting emergency relief and granting Summa such other and further relief as the circumstances warrant.

Respectfully submitted,


/s/ David M. Banker



16039/7
07/16/08 9203251.1

Enclosure(s)
cc:     Daniel M. Katzner, Esq. (via email)