UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

| | |
|---|---|
| In re: | CHAPTER 11 |
| | Case No. 08-12666 MG |
| **PACE PRODUCT SOLUTIONS, INC.,** | |
| Debtor | |

-----------------------------------------------------------X

**AFFIDAVIT OF BOAZ BAGBAG PURSUANT
TO LOCAL BANKRUPTCY RULE 1007-2(a) AND
IN SUPPORT OF FIRST DAY PLEADINGS**

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF BRONX      )

Boaz Bagbag, being duly sworn, deposes and says:

1. I am the President and sole Director of the debtor in the above-captioned action, Pace Product Solutions, Inc., and am fully and personally familiar with all of the facts and circumstances related herein.

2. I submit this affidavit in accordance with Local Rule 1007 of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") on the debtor's behalf in conjunction with its petition. A copy of the resolution of the Boards of Directors authorizing this filing is being filed simultaneously herewith.

3. Pace Product Solutions, Inc. is an auto-parts distributor, automobile repair shop and sleep operation that was formed approximately three (3) years ago. The business distributes auto-parts to numerous companies and does repair work to automobiles, buses and trucks. The debtor has performed repairs and services for many important organizations, including Federal Express, the United States Postal Service, the Federal Bureau of Investigation, New York City and the City of Yonkers.

4. The debtor filed this Petition based on several problems that arose over the past eight (8) to twelve (12) months. The first major issue was that a number of customers failed to pay their outstanding debts to the company and this led to a loss of income totaling approximately $500,000.00. In addition, the business was operating at two (2) locations for significantly longer than was profitable and was incurring almost twice the necessary expenses as a result. Since that time, the business consolidated to one (1) location, but not after the debtor had fallen behind on a substantial amount their obligations. Finally, the secured creditor, Summa Capital Corp. ("Summa"), which has a contested security interest in all of the debtor's assets and receivables, began calling customers and demanding the outstanding accounts receivables of the debtor be paid directly to them. They informed these customers that any payments made to the debtor would not reduce their obligations, so these customers simply stopped paying their debts in fear that they would be double-billed.

4. No case under the former Bankruptcy Act or the Bankruptcy Code commenced by or against the debtor is now pending. The debtor's case was not originally commenced under chapter 7 of the Bankruptcy Code.

5. The undersigned, Boaz Bagbag, did commence a chapter 7 bankruptcy proceeding in his individual capacity in the United States Bankruptcy Court for the Southern District of New York on July 10, 2008, with Bankruptcy Case No. 08-12667-MG.

6. Prior to the commencement of this case, no committee, to my knowledge, has been organized to represent the debtor's creditors or equity holders.

7. A list of the names, addresses, and the estimated amount of each claim of the twenty (20) largest unsecured creditors of the debtor is annexed hereto as Exhibit "A".

8. A list of the five largest secured creditors of the debtor is annexed hereto as Exhibit "B". The collateral securing the secured creditor's claim is disputed and consists of substantially all of the debtor's assets, including its inventory, receivables and cash. The value of such collateral and the extent of such lenders' claims and liens are under review, but it is estimated that the collateral is at least $2,000,000.00 and the secured claim is $1,500,000.00.

9. The consolidated balance sheet of the debtor as of December 31, 2007 is annexed hereto as Exhibit "C". The debtors major assets as of that date consisted of its inventory of auto-parts valued at approximately $1,973,359.00, cash in the sum of $76,730.00, accounts receivable of $927,398.00, prepaid expenses of $118,647.00, loans to officers of $58,368.00 and trucks worth approximately $36,743.00. The total assets were $3,191,245.00. The total unsecured claims are approximately $2,666,000.00 and the secured claims are $1,500,000.00, for total liabilities of $4,166,000.00.

10. The debtor has issued and has outstanding three hundred (300) no par value shares of stock (the "Equity Interests") of which the President and Director, Boaz Bagbag, holds 236 shares (78.66% ownership) and Asher Alcobi holds 64 shares (21.33% ownership).

11. The debtor believes that the secured creditor, Summa, whose relevant information is more particularly set forth in Schedule "B" annexed hereto, may be in possession of property of the debtor. This property consists of receivables paid by customers of the debtor which were collected by Summa pursuant to the disputed security interest referenced above. There is currently pending in the Supreme Court of the State of New York, County of New York, under Index Number 5998/08, a proceeding entitled "Summa Capital Corp. v. Pace Product Solutions, Inc., et al." upon which Summa is seeking an Order of Seizure to obtain all of the assets of the debtor.

12. I do not believe there are any other assets of the debtor's in the hands of third parties, custodians, public officers, mortgagees, assignees of rents or secured creditors.

13. The premises currently being leased by the debtor to operate its business consists of the following:

22 School Street, Yonkers, New York 10701

14. The debtor's assets are principally located at 122 School Street, Yonkers, New York 10701. The books and records of the debtor are maintained at 122 School Street, Yonkers, New York 10701 and at the debtor's accountant's office at 97 Froehlich Farm Blvd., Woodbury, NY 11797. The debtor does not have any assets outside the territorial limits of the United States.

15. There is currently pending in the Supreme Court of the State of New York, County of New York, under Index Number 5998/08, a proceeding entitled "Summa Capital Corp. v. Pace Product Solutions, Inc., et al." upon which Summa is seeking an Order of Seizure to obtain all of the assets of the debtor.

16. Upon information and belief, there was Motion filed by Summa which sought, inter alia, for a turnover of all of the debtor's property and which was returnable on July 11, 2008, the day after this Petition was filed. If this action had not been stayed pursuant to these proceedings, there is a possibility that Summa's motion would have been granted and all of the debtor's property lost.

17.     The only officer and director of the debtor's existing senior management is Boaz Bagbag, who runs all of the day-to-day operations of the business. He has been running the business since its incorporation in or around June, 2005. Boaz Bagbag is in charge of all aspects of the debtor's business, including determining what inventory to purchase, sales prices, hiring of employees and all other necessary activities.

18.     The debtor intends to continue to operate its businesses in chapter 11. The debtor's total weekly gross payroll for all employees is approximately $7,500.00. The estimated payroll for the debtor's employees (exclusive of officers, stockholders and directors) during the thirty (30) day period following the filing of the debtor's petitions is approximately $28,000.00. The estimated monthly compensation to be paid to the officers and directors of the debtor for the 30 days following the filing date is $2,000.00.

19.     The estimated cash receipts of the debtor for the 30 days following the filing date is between $150,000.00 and $200,000.00. The estimated cash disbursements, including payroll, inventory and all other expenses normally incurred is between $120,000.00 and $150,000.00, but the debtor will retain such funds until otherwise ordered by the Court. The net cash gain would therefore be between $0.00 and $80,000.00.

.

I, the undersigned authorized officer of the Company, named as the debtor in this case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated: Bronx, New York
      July 17, 2008

   /s/ Boaz Bagbag
   Boaz Bagbag
   President

Sworn to before me this
  17th  day of July, 2008

 /s/ Daniel M. Katzner
   Notary Public

# EXHIBIT A

## LIST OF CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| (1) Name of Creditor and Complete Mailing Address Including Zip Code | (2) Name, Telephone number and complete mailing address, including zip code, of employee, agent or department of creditor familiar with claim who may be contacted | (3) Nature of Claim (trade debt, bank loan, government contract, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to setoff | (5) Amount of Claim [if secured also state value of security] |
|---|---|---|---|---|
| 1. Flash Sales, Inc.<br>1055 Franklin Avenue, Suite 206<br>Garden City, NY 11530 | Flash Sales, Inc.<br>Attn: Joseph M.<br>1055 Franklin Avenue, Suite 206<br>Garden City, NY 11530<br>Telephone: (516) 741-8585 | Loan to purchase 2nd part of business | Disputed | $550,000 |
| 2. B & N Realty Holding Corp.<br>1055 Franklin Avenue, Suite 206<br>Garden City, NY 11530 | B & N Realty Holding Corp.<br>Attn: Joseph M.<br>1055 Franklin Avenue, Suite 206<br>Garden City, NY 11530<br>Telephone: (516) 741-8585 | Mortgage guarantee | Disputed | $550,000 |
| 3. Chase<br>800 Brooksedge Blvd<br>Westerville, OH 43081 | Chase<br>Attn: Small Business Dept.<br>800 Brooksedge Blvd<br>Westerville, OH 43081<br>Telephone: (800) 714-7408 | Bank loan to business | Disputed | $280,000 |
| 4. North Fork Bank d/b/a Capital One Bank<br>201 St. Charles Ave, 16th Floor<br>New Orleans, LA 70130 | North Fork Bank d/b/a Capital One Bank<br>Attn: Small Business Dept.<br>201 St. Charles Ave, 16th Floor<br>New Orleans, LA 70130<br>Telephone: 1-800-655-2265 | Bank loan to business | Disputed | $250,000 |
| 5. Pace Auto Parts, Inc.<br>10 Park Avenue, Suite 2A<br>New York, NY 10016 | Pace Auto Parts, Inc.<br>Attn: Ms. Matta<br>10 Park Avenue, Suite 2A<br>New York, NY 10016<br>Telephone: (212) 279-4550 | Loan to purchase 1st part of corporation | Disputed | $250,000 |
| 6. Robert Bosch, LLC<br>2800 South 25th Avenue<br>Broadview, IL 60155 | Robert Bosch, LLC<br>Attn: General Manager<br>2800 South 25th Avenue<br>Broadview, IL 60155 | Trade debt | Disputed | $162,000 |

| | | | | |
|---|---|---|---|---|
| | Telephone: (708) 865-5200 | | | |
| 7. Honeywell, Inc.<br>39 Old Ridgebury Road<br>Danbury, CT 06810 | Honeywell, Inc.<br>Attn: President<br>39 Old Ridgebury Road<br>Danbury, CT 06810<br>Telephone: (203) 830-7800 | Trade debt | Disputed | $372,000 |
| 8. Davis Electronics<br>419 Park Avenue South,<br>Ste 504<br>New York, NY 10010 | Davis Electronics<br>Attn: Jason Levine<br>419 Park Avenue South,<br>Ste 504<br>New York, NY 10010<br>Telephone: (212) 532-5881 | Trade debt | Disputed | $40,000 |
| 9. Harlington Realty<br>419 Park Avenue South,<br>Ste 504<br>New York, NY 10010 | Harlington Realty<br>Attn: Jason Levine<br>419 Park Avenue South,<br>Ste 504<br>New York, NY 10010<br>Telephone: (212) 532-5881 | Trade debt | Disputed | $32,000 |
| 10. Universal Auto<br>419 Park Avenue South,<br>Ste 504<br>New York, NY 10010 | Universal Auto<br>Attn: Jason Levine<br>419 Park Avenue South,<br>Ste 504<br>New York, NY 10010<br>Telephone: (212) 532-5881 | Trade debt | Disputed | $20,000 |
| 11. Rony Abudi<br>Attn: Bruce Lederman<br>567 Broadway<br>Massapequa, NY 11758 | Rony Abudi<br>Attn: Bruce Lederman<br>567 Broadway<br>Massapequa, NY 11758<br>Telephone: (917) 295-1565 | Trade debt | Disputed | $160,000 |
| 12. Uzi Evron<br>Attn: Bruce Lederman<br>567 Broadway<br>Massapequa, NY 11758 | Uzi Evron<br>Attn: Bruce Lederman<br>567 Broadway<br>Massapequa, NY 11758<br>Telephone: (917) 295-1565 | Trade debt | Disputed | Same as above |
| 13. Doron Kessel<br>Attn: Bruce Lederman<br>567 Broadway<br>Massapequa, NY 11758 | Doron Kessel<br>Attn: Bruce Lederman<br>567 Broadway<br>Massapequa, NY 11758<br>Telephone: (917) 295-1565 | Trade debt | Disputed | Same as above |
| 14. NONE | | | | |
| 15. NONE | | | | |
| 16. NONE | | | | |
| 17. NONE | | | | |
| 18. NONE | | | | |

| 19. NONE | | | | |
|---|---|---|---|---|
| 20. NONE | | | | |

# EXHIBIT B

## LIST OF CREDITORS HOLDING 5 LARGEST SECURED CLAIMS

| | | | | |
|---|---|---|---|---|
| 1. Summa Capital Corp.<br>Empire State Building<br>350 Fifth Avenue, Suite 7612<br>New York, NY 10118 | Summa Capital Corp.<br>Attn: Howard Schulder<br>Empire State Building<br>350 Fifth Avenue, Suite 7612<br>New York, NY 10118<br>Telephone: (212) 244-1200 | Loan to purchase inventory | Disputed | $1,500,000 |
| 2. NONE | | | | |
| 3. NONE | | | | |
| 4. NONE | | | | |
| 5. NONE | | | | |

## EXHIBIT C

Form 1120S (2007) PACE PRODUCT SOLUTIONS INC.   20-3041414   Page 4

| Schedule L | Balance Sheets per Books | Beginning of tax year | | End of tax year | |
|---|---|---|---|---|---|
| | Assets | (a) | (b) | (c) | (d) |
| 1 | Cash | | 10,719. | | 76,730. |
| 2a | Trade notes and accounts receivable | 281,292. | | 927,398. | |
| b | Less allowance for bad debts | | 281,292. | | 927,398. |
| 3 | Inventories | | 724,534. | | 1,973,359. |
| 4 | U.S. government obligations | | | | |
| 5 | Tax-exempt securities (see instructions) | | | | |
| 6 | Other current assets (attach stmt) SEE ST. 6 | | 50,963. | | 118,647. |
| 7 | Loans to shareholders | | | | 58,368. |
| 8 | Mortgage and real estate loans | | | | |
| 9 | Other investments (attach statement) | | | | |
| 10a | Buildings and other depreciable assets | 26,616. | | 81,541. | |
| b | Less accumulated depreciation | 26,616. | | 44,798. | 36,743. |
| 11a | Depletable assets | | | | |
| b | Less accumulated depletion | | | | |
| 12 | Land (net of any amortization) | | | | |
| 13a | Intangible assets (amortizable only) | | | | |
| b | Less accumulated amortization | | | | |
| 14 | Other assets (attach stmt) | | | | |
| 15 | Total assets | | 1,067,508. | | 3,191,245. |
| | Liabilities and Shareholders' Equity | | | | |
| 16 | Accounts payable | | 482,335. | | 1,054,140. |
| 17 | Mortgages, notes, bonds payable in less than 1 year | | 421,135. | | 1,827,657. |
| 18 | Other current liabilities (attach stmt) SEE ST. 7 | | 73,893. | | 87,281. |
| 19 | Loans from shareholders | | | | |
| 20 | Mortgages, notes, bonds payable in 1 year or more | | | | |
| 21 | Other liabilities (attach statement) SEE ST. 8 | | 34,416. | | |
| 22 | Capital stock | | 25,000. | | 211,668. |
| 23 | Additional paid-in capital | | | | |
| 24 | Retained earnings | | 30,729. | | 10,499. |
| 25 | Adjustments to shareholders' equity (att stmt) | | | | |
| 26 | Less cost of treasury stock | | | | |
| 27 | Total liabilities and shareholders' equity | | 1,067,508. | | 3,191,245. |

Schedule M-1 Reconciliation of...