Hearing Date: July 24, 2008 at 2:00 p.m.
Objection Deadline: July 24, 2008 at 9:00 a.m.

**LOWENSTEIN SANDLER PC**
Bruce S. Nathan (BN 4844)
Bruce Buechler (BB 0324)
David M. Banker (DB 3278)
Stefan B. Kalina (SK 8535)
1251 Avenue of the Americas
New York, NY 10020
Tel.: (212) 262-6700

Counsel to Summa Capital Corp.

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------- X

In re:                                              Case No. 08-12666 (MG)

Pace Product Solutions, Inc.,

        Debtor.                                  Chapter 11

-------------------------------------------------------- X

## RESPONSE OF SUMMA CAPITAL CORP. TO U.S. TRUSTEE'S MOTION FOR ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE OR, IN THE ALTERNATIVE, CONVERSION OF THE CASE TO CHAPTER 7

Summa Capital Corp. ("Summa"), by and through its counsel, Lowenstein Sandler PC, hereby responds to the United States Trustee's ("U.S. Trustee's") Motion dated July 23, 2008 for Order Directing the Appointment of a Chapter 11 Trustee or, in the Alternative, Conversion of the Case to Chapter 7 (the "U.S. Trustee's Motion")[Docket No. 17], and respectfully represents as follows:

### BACKGROUND

1.     On July 16, 2008, Summa filed a motion seeking entry of an order granting relief from the automatic stay and for related relief (the "Stay Relief Motion")[Docket No. 3]. Summa hereby incorporates by reference the Stay Relief Motion and the Declaration of

16039/7
07/23/2008 9303181.3

Howard Schulder dated July 16, 2008 in support thereof, as if they were more fully set forth herein.

2.      On July 17, 2008, the Court entered an Order shortening notice of the Stay Relief Motion and scheduling a hearing for July 21, 2008 at 2:00 p.m. (the "Hearing")[Docket No. 5]. On July 21, 2008, the Hearing was held. Arguments were made in support of and in opposition to the Stay Relief Motion, and evidence and witness testimony was provided, including that of the above-captioned Debtor's principal, Boaz Bagbag.

3.      On July 23, 2008, an Order was entered by the Court scheduling an expedited hearing for July 24, 2008 at 2:00 p.m. on the U.S. Trustee's Motion (the "July 24 Order")[Docket No. 14].

4.      Also on July 23, 2008, the Court entered an Order delaying the Court's adjudication of the Stay Relief Motion until after hearing the U.S. Trustee's Motion [Docket No. 15].

### RESPONSE

5.      Summa objects to the U.S. Trustee's Motion for the appointment of a Chapter 11 Trustee. All of the Debtor's assets constitute Summa's collateral. Summa has not consented to the use of cash collateral and the Court has not entered an order approving its use. Further, as demonstrated at the Hearing, the Debtor's estate has no ability to provide Summa with adequate protection and, therefore, is not entitled to use Summa's cash or other collateral. Thus, a Chapter 11 trustee would not be able to operate the Debtor's business. Accordingly, the appointment of a Chapter 11 trustee, as opposed to the conversion of the Debtor's bankruptcy case to a Chapter 7, is not a viable option.

6.      Summa has demonstrated in the Stay Relief Motion and based on the evidence presented at the Hearing on the Stay Relief Motion that it is entitled to relief from the automatic stay. Neither the U.S. Trustee nor the Debtor has provided any basis for denial of such relief. The Stay Relief Motion and the evidence presented at the Hearing demonstrate that the

Debtor has no viable business. Because of the rapid deterioration of Summa's collateral and the Debtor's financial condition, the Debtor is incapable of providing Summa with adequate protection and every day that goes by that Summa is not allowed to enforce its rights in its collateral, Summa is being irreparably harmed. The Debtor's inability to provide adequate protection is reason alone to justify granting Summa relief from the automatic stay and converting the Debtor's case to Chapter 7.

7.    Summa supports the U.S. Trustee's Motion to convert the Debtor's case to a Chapter 7. Summa, however, is entitled to the entry of an Order granting the Stay Relief Motion and, therefore, requests that any action taken by the Court in connection with U.S. Trustee's Motion be preceded by or done simultaneously with the Court entering the Order submitted by Summa granting the Stay Relief Motion.

## CONCLUSION

8.    For the reasons set forth above, the Court should not grant the appointment of a Chapter 11 Trustee, but rather convert the Debtor's bankruptcy case to a Chapter 7 and grant Summa's Stay Relief Motion.

## WAIVER OF FILING OF MEMORANDUM OF LAW

9.    As this Response presents no novel issues of law, Summa requests that the Court waive the requirement of S.D.N.Y. L.B.R. 9013-1(b) requiring the filing of a separate memorandum of law.

## NOTICE

10.    Pursuant to the July 24 Order, this response was served via fax and/or email on the United States Trustee for the Southern District of New York, with a courtesy copy to Chambers. A copy of this response will have also been received by all parties who have consented to notice by electronic case filing in the Debtor's case, including Debtor's counsel.

WHEREFORE, Summa respectfully requests that Court (i) enter the Order submitted by Summa granting the Stay Relief Motion and (ii) grant the U.S. Trustee's Motion to convert the Debtor's bankruptcy case to one under Chapter 7.

Dated:        New York, New York
              July 23, 2008

                              **LOWENSTEIN SANDLER PC**

                              By: */s/ Bruce Buechler*
                              Bruce S. Nathan (BN 4844)
                              Bruce Buechler (BB 0324)
                              David M. Banker (DB 3278)
                              Stefan B. Kalina (SK 8535)
                              1251 Avenue of the Americas
                              New York, New York 10020
                              Tel.: (212) 262-6700

                              Counsel to Summa Capital Corp.