LAW OFFICE OF ROBERT J. GUMENICK, PC
Robert J. Gumenick, (RG 4199)
160 Broadway
Suite 1100
New York, New York   10038
Tel.: (212) 608-7478

Counsel to 122 Street Slash, LLC

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

                                            Case No.: 08-12666 (MG)

Pace Product Solutions, Inc.,

                                            Chapter 7

                Debtor.
-----------------------------------------------------------X

## MOTION OF 122 STREET SLASH, LLC FOR ENTRY OF AN ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND FOR RELATED RELIEF

122 Street Slash, LLC (herein, "Landlord"), by and thorough its counsel Law Office of Robert J. Gumenick, PC, respectfully moves this Court, pursuant to Sections 362 and 105 of Title 11 of the United States Bankruptcy Code (as amended, the "Bankruptcy Code"), for entry of an order (a) granting relief from the automatic stay to permit Landlord to exercise all of its rights and remedies under applicable state law to recover possession of the premises occupied by the Debtor as a month to month tenant/occupant located at 122 School Street, Yonkers, New York (the "Property") and (b) for such other and different relief as to the Court may seem just, proper and equitable.   In support of this motion (the "Motion'), Landlord respectfully alleges as follows:

### GROUNDS FOR VACATING THE AUTOMATIC STAY

The relief requested in the instant Motion should be granted for the following reasons:

A.     The Debtor occupies the Property, which is presently used as the Debtor's headquarters

1

and warehouse, without a written lease,

B.     The Debtor owes pre-petition arrears to Landlord in the amount of approximately $54,000.00 and since the date that the order for relief (i.e. July 10, 2008) the debtor and thereafter the Chapter 7 trustee continue in possession of the premises without having tendered any payment,

C.     The Debtor, now in liquidation, has no equity in the Property, and

D.     The Debtor has no ability to satisfy its pre-petition and/or post-petition rental obligations.

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. Sections 157 and 1334. Consideration of this application is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper before this court pursuant to 28 U.S.C. Sections 1408 and 1409. The statutory predicates for relief are Sections 362(d), 361, 363 and 105 of the Bankruptcy Code.

## FACTS

2. The Debtor filed this case as a Chapter 11 reorganization case on July 10, 2008.

3. On July 24, 2008 the Court entered an order converting this case to a Chapter 7 liquidation proceeding.

4. The United States Trustee has appointed a Chapter 7 Trustee.

5. The Debtor's largest secured creditor, Summa Capital Corporation ("Summa") asserts a claim against the Debtor for approximately $1,700,000.00 and has a security interest in virtually all of the Debtor's inventory, receivables and equipment.

6. Landlord is the owner and landlord of the Property.

7. The Debtor commenced occupancy of the Property pursuant to an oral month to month agreement with Landlord.[1] The Debtor uses the Property as its warehouse and operates its business from the Property.

8. The Debtor's basic rent/use and occupancy for the Property on a triple net basis is approximately $12,500 per month.

9. The Debtor accrued pre-petition arrears of approximately $54,166.00.

10. The Debtor, upon information and belief, has no assets or revenue free of the lien of Summa's security interest from which to pay pre- or post-petition rent or other operating expenses.

## THE AUTOMATIC STAY SHOULD BE LIFTED

11. Section 362(d) of the Bankruptcy Code permits a creditor to seek relief from the automatic stay and to enforce its lien against property. This section provides, in relevant part, that:

[T]he court shall grant relief from the stay...

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property under subsection (a) of this section, if
    (A) the debtor does not have an equity in such property; and
    (B) the property is not necessary to an effective reorganization;

12. The Court "shall grant relief" from the automatic stay if either situation exists. Nazarath Nat'l Bank v. Trina-Dee, Inc. (In re: Trina-Dee, Inc.), 731 F.2d 170, 170 (3rd Cir. 1984) ("Subsections (1) and (2) [of section 362(d) are plainly

---

[1] The Debtor and the Landlord did negotiate the terms of a written lease agreement, but upon information and belief, the lease agreement was never fully executed and exchanged.

disjunctive.").

13. The allocation of the burden of proof in a relief from stay proceeding is enumerated in Section 362(g) of the Bankruptcy Code, as follows:

In any hearing....concerning relief from the stay...

(1) the party requesting such relief has the burden of proof on the issues of the debtor's equity in the property; and

(2) the party opposing such relief has the burden on proof of all other issues.

### A. CAUSE EXISTS FOR GRANTING LANDLORD RELIEF FROM THE AUTOMATIC STAY

14. As noted in the motion of Summa Capital Corp. for relief from the automatic stay (ECF Doc. 3), the Debtor continues to violate Section 363(c)(2) of the Bankruptcy Code by using and converting Summa's cash collateral without the consent of Summa or authority from the Court after notice and a hearing.

15. As noted in the hearing on Summa's motion on July 22, 2008, the Debtor did not dispute the fact that it has failed to open a D.I.P. account, to make a cash collateral motion, to make any other first day motions or otherwise comply with the provisions of the Bankruptcy Code. This conduct has prompted the United States Trustee to file an order to show cause to convert the case to a Chapter 7 or to appoint a Chapter 13 Trustee, which motion was returnable on July 24, 2008 and granted on that date.

16. Moreover, the Debtor cannot demonstrate that it has any rights in the Property which extend beyond the month-to-month arrangement it has with the Landlord. Accordingly, the Debtor cannot compel the Landlord to allow the Debtor to remain

4

in possession of the Property.

17. Even if the Debtor had any right to remain in possession of the Property, the Debtor's pre-petition arrears may exceed its available cash. Accordingly, even were the Debtor to assert any right to remain in possession, it would not be able to cure its pre-petition defaults as required by Section 363 of the Bankruptcy Code.

18. Accordingly, cause exists under Section 362(d)(1) of the Bankruptcy Code for relief from the automatic stay. Therefore, relief is warranted under section 362(d)(1) of the Bankruptcy Code.

### B. THE DEBTOR LACKS EQUITY IN THE PROPERTY.

19. As noted earlier, the Debtor interest in the Property is a month-to-month oral agreement which, under state law, is terminable upon the giving of a thirty day notice. Section 232-b of the New York Real Property Law provides:

"A monthly tenancy or tenancy from month to month of any lands or buildings located outside of the city of New York may be terminated by the landlord or the tenant upon his notifying the other at least one month before the expiration of the term of his election to terminate...."

20. Moreover, the Debtor's case is a liquidation case under Chapter 7 of the Bankruptcy Code.

21. Accordingly, the Debtor cannot assert any equity in the Property.

### C. THE PROPERTY IS NOT NECESSARY FOR AN EFFECTIVE REORGANIZATION OF THE DEBTOR.

22. The Debtor must also satisfy its burden of proof that the Property is necessary for an effective reorganization. See, United Sav. Ass'n of Texas v. Timbers of Inwood

Forest Associates, Ltd., 448 U.S. at 365; In re Jason Realty, L.P., 59 F.3d 423, 430 (3d Cir. 1995)(debtor has burden "to demonstrate that there was a 'reasonable possibility of a successful reorganization within a reasonable time'" (citation omitted); Nazareth Nat'l Bank, 731 F2d at 171.  Justice Scalia explained in the Timbers case that once a creditor makes a showing of lack of equity, the burden shifts to the debtor to show that the collateral is necessary for an effective reorganization.  For a debtor to meet this burden, it must prove that the property is essential for an effective reorganization and that there is a "reasonable probability of a successful reorganization within a reasonable time period." 484 U.S. at 365 (quoting decision of the Fifth Circuit in Timbers at 808 F.2d 363, 370-71 and footnote 12-13).

23. The Debtor cannot meet its burden of proof on this issue.  As noted above, the Debtor lacks any equity at all in the Property.

24. Moreover, there is no source of unencumbered funds available to the Debtor to continue its business, therefore the Debtor is unable to propose a plan that can be confirmed.  Since no debtor-in-possession financing has been propounded by the Debtor, other than an officer loan that has been made by the principal Bagbag in violation of the Bankruptcy Code, there is no effective way for the Debtor to continue its business, which relies on the ability to finance its receivables and inventory.

25. The Debtor as well cannot cure its pre-petition rent defaults without DIP financing or a cash collateral order, neither of which seems remotely possible.

26. Also, since the Debtor has abused the bankruptcy process by converting collateral from Summa, using cash collateral without court order, and other misdeeds as described above, the Debtor cannot properly be trusted to exercise its fiduciary duties as a debtor-in-possession.

27 Therefore, the Debtor does not need the Property for an effective reorganization and relief is warranted under Section 362(d)(2) of the Bankruptcy Code.

## THE LANDLORD SUFFERS ONGOING AND PROSPECTIVE DAMAGES IF THE STAY IS NOT LIFTED

28. The property occupied by the Debtor is a specialty warehouse. Historically, the time needed to rent and fix up this kind of property for a new tenant is longer than for a typical residential or office property. Any delay in the Landlord recovering possession will add to its damages.

29. Because of the situation of the Debtor and the Bankruptcy Code's limitations on damages for breach of leasehold, the Landlord must recover the premises as quickly as possible.

30. As noted above, relief under 11 U.S.C. Section 362 is warranted and the Court should modify the stay to permit the Landlord to pursue its state court remedies to recover possession of the Property. In the alternative, the Court should permit the Landlord to serve the statutory notice of termination and obtain a judgment of possession, subject to further order of the Court prior to execution of the warrant so that the Landlord would not be unduly delayed in its state court remedies.

## CONCLUSION

31. For the reasons set forth above, the instant Motion should be granted and an Order should be entered lifting the automatic stay to permit Landlord to exercise all of state law remedies to recover possession of the Property.

### WAIVER OF FILING OF A MEMORANDUM OF LAW

32. As this motion presents no novel issues of law and the authorities relied upon are set forth herein, Landlord requests that the Court waive the requirement of S.D.N.Y. L.B.R. 9013-1(b) requiring the filing of a separate memorandum of law.

33. No previous request for the relief herein sought has been made to this or to any other Court.

### NOTICE

34. Landlord provided notice of this motion to (a) the Debtor and its counsel, (b) the United States Trustee for the Southern District of New York, (c) any other party who has requested notice in the above-captioned case; (d) the Debtor's largest unsecured creditors as listed on Debtors Chapter 11 petition; and (e) all other parties entitled to notice under the Bankruptcy Code and Rules.

WHEREAS, Landlord respectfully requests that this Court enter an Order granting Landlord relief from the automatic stay and related relief, and such other relief as to this Court seems just, proper and equitable.

Dated: New York, New York
July 29, 2008

        **LAW OFFICE OF ROBERT J. GUMENICK, PC**

        By: /s/ Robert J. Gumenick
            Robert J. Gumenick (RG 4199)
            160 Broadway #1100
            New York, New York 10038
            (212) 608-7478

        Counsel to 122 Street Slash, LLC

LAW OFFICE OF ROBERT J. GUMENICK, PC
Robert J. Gumenick, (RG 4199)
160 Broadway
Suite 1100
New York, New York 10038
Tel.: (212) 608-7478

Counsel to 122 Street Slash, LLC

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
In re:

                                                      Case No.: 08-12666 (MG)

Pace Product Solutions, Inc.,

                                                      Chapter 7

            Debtor.
-----------------------------------------------------------X

## DECLARATION OF EYAL ALFI

EYAL ALFI, pursuant to 28 U.S.C. Section 1746, declares as follows:

1. I am a member of 122 Street Slash, LLC, a New York limited liability company ("Landlord")

2. I submit this Declaration in support of the Motion of Landlord for Entry of an Order Granting Relief from the Automatic Stay (the "Motion").

3. The facts set forth in the motion are, to the best of my knowledge and where applicable, on information and belief, true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct to the best of my knowledge, information and belief.

Dated: New York, New York
         July 29, 2008

                                            _s/ Eyal Alfi_____
                                                EYAL ALFI