UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                :
In re:                                                          :      Chapter 7
                                                                :      Case No. 08-12666 (MG)
Pace Product Solutions, Inc.,                                   :
                                                                :
                          Debtor.                               :
                                                                :
---------------------------------------------------------------x

**STIPULATION AND ORDER MODIFYING STAY TO PERMIT
FORECLOSURE BY SUMMA CAPITAL CORPORATION
<u>AND OTHER RELIEF</u>**

**WHEREAS**, the above referenced Debtor Pace Product Solutions, Inc. (the "Debtor") entered into a Financing Agreement, Security Agreement - Inventory and Security Agreement - Equipment, each dated January 10, 2006 (collectively, as amended from time to time referred to as the "Summa Agreements") with Summa Capital Corporation ("Summa") pursuant to which the Debtor granted a security interest (the "Lien") in favor of Summa in all existing and after-acquired property of the Debtor, to secure payment of the Debtor's indebtedness to Summa on account of existing and future loans from Summa, including the following:

All present and future accounts and contract rights, including all related documents, instruments and chattel paper, and all present and future general intangibles;

All present and hereinafter acquired inventory of debtor, wherever located, including raw materials, work in process, finished goods, finished merchandise, and wrapping, packing and shipping materials;

All present and hereinafter acquired equipment of debtor, wherever located, together with all additions, replacements, accessions and improvements, thereto; and

Proceeds of all the foregoing

(collectively, the "Collateral"); and

**WHEREAS**, on January 11, 2006, Summa perfected its Lien against the

Collateral by recording a UCC Financing Statement with the New York Secretary of State (filing no. 200601118013030); and

**WHEREAS**, on July 10, 2008 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court") and pursuant to Order Converting Chapter 11 Case to a Case under Chapter 7 and Limiting Access to Debtor's Business Premises dated July 24, 2008, this Court converted the Debtor's Chapter 11 case to a Chapter 7 case; and

**WHEREAS**, on the Filing Date, Summa asserts that it was owed not less than $1,697,183.91, which includes principal and interest through the Filing Date and attorneys' fees and expenses through May 31, 2008, together with interest that continues to accrue and all of Summa's attorneys' fees, costs, and expenses incurred thereafter (the "Summa Claim"); and

**WHEREAS**, Albert Togut is the Chapter 7 Interim Trustee of the Debtor, (the "Trustee"); and

**WHEREAS**, Trustee has retained Togut, Segal and Segal LLP as his counsel ("TS&S") and will be submitting retention papers to the Court; and

**WHEREAS**, Summa asserts that the Summa Claim exceeds the value of the Collateral; and

**WHEREAS**, with the Trustee's permission, Summa has safeguarded and protected the Collateral at the Debtor's premises located at 122 School Street, Yonkers, New York (the "Premises") by changing the locks at the Premises, at no cost to the Debtor's estate, but without prejudice to Summa's right to increase the Summa Claim by the costs incurred by Summa in connection with the foregoing actions; and

**WHEREAS**, the parties hereto have agreed to the terms set forth below to allow Summa to exercise its rights as a secured creditor of the Debtor.

**NOW, THEREFORE, IT IS HEREBY AGREED BY AND BETWEEN THE UNDERSIGNED PARTIES THAT:**

1. This Stipulation and Order shall become immediately effective upon entry by the Court.

2. The automatic stay pursuant to section 362 of the Bankruptcy Code is modified to permit Summa to exercise its rights as a secured creditor of the Debtor against the Collateral under (i) the Summa Agreements, (ii) the Uniform Commercial Code and (iii) other applicable law, including, without limitation, to take all actions necessary to enforce its security interest in the Collateral, collect accounts receivable, sell inventory, equipment and other Collateral, and apply all net proceeds, after payment of Summa's expenses, attorneys' fees and other costs, in reduction of the Summa Claim, but which relief from stay expressly excludes all avoidance claims, in favor of the Trustee and the Debtor's estate pursuant to Chapter 5 of the Bankruptcy Code, that do not relate in any way to the Collateral to which Summa's liens do not attach.

3. Summa is authorized to take possession of the Collateral and all books and records relating to the Collateral, including those maintained electronically on computer. Summa will provide the Trustee and his professionals access to the Debtor's books and records during normal business hours upon reasonable request, and shall not dispose of the books and records without prior written notice to the Trustee, which notice shall provide the Trustee with an opportunity to take possession of the books and records or object to the disposal thereof (subject to the Trustee's agreement to take possession of the books and records).

4.      The Trustee shall turn over to Summa (a) in kind all collections with respect to Summa's accounts receivable and other Collateral now or hereafter in the Trustee's possession or control, and (b) any and all sums in the Debtor's bank account(s) promptly upon the Trustee learning of the existence of such account(s), and Summa is hereby authorized to give the banks holding such account(s) all necessary instructions with respect to the turnover of all deposits in such account(s) to Summa.

5.      Summa is authorized to take all actions necessary to recover the Collateral from the Debtor's principal, Boaz Bagbag, and all third parties now or hereafter in possession of the Collateral, and all such persons are directed to promptly turn over the Collateral to Summa.

6.      Summa shall provide advance notice to the Trustee regarding the sale or other disposition of the Collateral.

7.      Summa shall provide the Trustee with (a) a written accounting of its sale and/or other disposition of the Collateral not later than sixty (60) days after the completion of such sale or other disposition and (b) quarterly reports of all of Summa's collection of the Debtor's accounts and accounts receivable.

8.      Should there be any surplus resulting after the collection, sale and/or other disposition of the Collateral, after payment of the reasonable attorneys' fees, costs and expenses incurred by Summa in connection with the foregoing and full payment of the Summa Claim, Summa shall remit such surplus to the Trustee.

9.      The Trustee and Summa reserve all of their rights, claims and defenses, including pursuant to 11 U.S.C. Section 506(c), except as expressly set forth in this Stipulation.

10.     In the event that the Court does not approve this Stipulation, it

shall be null and void and of no force and effect.

        11.    Simultaneously with the submission of this Stipulation and Order to the Court, Summa shall provide a copy of this Stipulation and Order by email or facsimile to: (i) the Trustee's counsel; (ii) the United States Trustee; (iii) the Debtor's counsel; (iv) Bondi & Iovino, attn: Debra Welsh, Esq. and Law Office of Robert Jay Gumenick, Esq., attn: Robert Jay Gumenick, who appeared at the Court's hearing on July 21, 2008 on Summa's motion for relief from stay and other relief on shortened notice;

and (v) any party that has filed a Notice of Appearance in this case. The parties hereto request that upon entry of an Order approving this Stipulation, the Court find that such notice is good and sufficient and that no further notice is required.

    DATED:    New York, New York
                      July 31, 2008

ALBERT TOGUT,
By his attorneys,
TOGUT SEGAL & SEGAL LLP
By:

/s/ Neil Berger
NEIL BERGER (NB-3599)
A Member of the Firm
One Penn Plaza, Suite 3335
New York, New York 10119
(212) 594-5000

SUMMA CAPITAL CORPORATION
By its attorneys,
LOWENSTEIN SANDLER PC
By:

/s/ Bruce S. Nathan
BRUCE S. NATHAN (BN-4844)
BRUCE BUECHLER (BB-3278)
Members of the Firm
1251 Avenue of the Americas
New York, New York 10020
(212) 262-6700

**SO ORDERED** on this **31st day of July, 2008**
in New York, New York


    **/s/Martin Glenn**
HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE